## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CIGARS INTERNATIONAL, INC., | : | |
| Plaintiff | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| NEW GLOBAL MARKETING, INC., | : | |
| | : | |
| | : | Jury Trial Demanded |
| Defendant. | : | |
| | : | |

### VERIFIED COMPLAINT

Plaintiff, Cigars International, Inc. ("Plaintiff"), by and through its undersigned counsel, Blank Rome LLP, hereby files this Verified Complaint against Defendant, New Global Marketing, Inc. ("Defendant"), and avers the following:

### THE PARTIES

1.    Plaintiff Cigars International, Inc. is a Delaware corporation, with its principal place of business located at 6771 Chrisphalt Drive, Bath, Pennsylvania 18014.

2.    Upon information and belief, Defendant New Global Marketing, Inc. is a New York corporation with its principal place of business located at 446 Main Street Rosendale, NY 12472.

### JURISDICTION

3.    This is an action for federal trademark infringement, false designation of origin, false description and false representation, injury to business reputation, dilution, and common law unfair competition.

4.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 (a), and under the doctrine of supplemental jurisdiction.

5.     This Court has personal jurisdiction over the Defendant because the Defendant, inter alia, transacts business in the Commonwealth of Pennsylvania, enagages in a persistent course of conduct in the Commonwealth of Pennsylvania and expects, or reasonably should expect, its acts to have legal consequences in the Commonwealth of Pennsylvania.

6.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania, and Defendant expects, or reasonably should expect, its acts to have legal consequences in the District.

## PLAINTIFF'S FACTUAL BACKGROUND

7.     Established in September, 1996, Plaintiff is a leading and reputable provider of catalog and online retail store services in the fields of cigars and smoking accessories.

8.     Continuously since at least as early as October 11, 2004, Plaintiff has used its trademark TIERRA DEL SOL® ("Plaintiff's Mark") in connection with cigars.

9.     On November 14, 2006, Plaintiff obtained United States Trademark Registration No. 3,171,410 for Plaintiff's Mark.  (See Exhibit A.)

10.    As a result of Plaintiff's extensive and continuous use of Plaintiff's Mark, the Mark has acquired significant goodwill in the marketplace.

11.    Plaintiff maintains priority rights in and to Plaintiff's Mark in connection with cigars based upon its continuous and exclusive use of the Mark.

12.    Plaintiff has continuously and successfully policed and enforced Plaintiff's Mark to protect the rights Plaintiff has in the Mark and prevent other unauthorized uses of the Plaintiff's Mark by competitors.

2

## DEFENDANT'S FACTUAL BACKGROUND
## AND UNAUTHORIZED USE OF AN INFRINGING MARK

13.     Defendant operates a web site on the Internet providing online sales of cigars, tobacco products, and smoking accessories at the Internet address, <www.bestcigarprices.com> ("Defendant's Web Site").

14.     On August 13, 2008, Defendant filed a trademark application ("Defendant's Application") seeking registration on the Principal Register of the mark TORRE DEL SOL for cigars.  (See Exhibit B.)

15.     Defendant's Application alleges a date of first use in commerce of July 3, 2008, nearly four years after Plaintiff's date of first use of Plaintiff's Mark.  (See Exhibit B.)

16.     On or about July 2, 2008, Plaintiff discovered that Defendant was using TORRE DEL SOL in connection with cigars and related goods (the "Infringing Goods").

17.     Upon information and belief, the Infringing Goods sold on Defendant's Web Site include boxes of cigars with prices ranging from $59.95 to $69.95.  (See Exhibit C.)

18.     In a letter dated November 7, 2008, Plaintiff's counsel instructed Defendant, inter alia, to cease and desist immediately from any further use or plans to use or register the TORRE DEL SOL mark, as well as any use or registration of any other mark, name, domain name, or source identifier which is confusingly similar to Plaintiff's TIERRA DEL SOL® mark.  A response was demanded of Defendant by November 17, 2008. (See Exhibit D, copy of letter dated November 7, 2008.)

19.     A copy of the aforementioned cease and desist letter was deposited in an envelope and sent via First Class Mail to Defendant's principal place of business on November 7, 2008, and a copy of the letter was sent via facsimile to Defendant on November 7, 2008.

117393.00101/21745498v.1

20.     Although counsel of Defendant acknowledged receipt of Plaintiff's letter in correspondence dated November 16, 2008, to date, Defendant has failed to comply with Plaintiff's demands.

21.     Defendant is offering for sale goods identical or nearly identical to Plaintiff's goods, and using a confusingly similar mark in an effort to trade off of Plaintiff's longstanding goodwill in Plaintiff's Mark.

22.     Defendant targets the Infringing Goods at the same consumers, or substantially the same consumers, as Plaintiff, by selling the Infringing Goods at a price comparable to the prices of Plaintiff's goods featuring Plaintiff's Mark.

23.     Defendant's adoption and use of a mark confusingly similar to Plaintiff's Mark, and a colorable imitation thereof, violate Plaintiff's rights in Plaintiff's Mark.

24.     Defendant's adoption and use of a trademark confusingly similar to Plaintiff's Mark is likely to cause confusion, mistake or deception as to the source, association, affiliation of sponsorship of the Infringing Goods.  Ordinary consumers will mistakenly believe that Defendant's goods are developed, manufactured, owned, sponsored, or approved by Plaintiff.

25.     Defendant's use of the TORRE DEL SOL mark wrongfully implies an affiliation between Plaintiff and Defendant, or sponsorship by Plaintiff of Defendant's goods.

26.     Upon information and belief, Defendant's conduct was and is designed to trade upon the valuable goodwill and business reputation associated with Plaintiff's Mark.

27.     Defendant's unauthorized conduct constitutes false designation of origin, false description and false representation under federal law, and unfair competition and injury

4

to business reputation and dilution under Pennsylvania and common law, and has caused Plaintiff to suffer irreparable injuries for which it has no adequate remedy at law.

28.    All such conduct by Defendant was and continues to be in bad faith, willful, deliberate and in knowing violation of the law.

29.    Plaintiff will be irreparably injured if Defendant's unlawful acts are allowed to continue.

30.    Defendant's actions are unlawful and have damaged Plaintiff in an amount not yet calculated.

## COUNT I
### [Violation of Lanham Act, 15 U.S.C. § 1114; Infringement of a Federally Registered Trademark]

31.    Plaintiff realleges and incorporates by reference the averments of Paragraphs 1 through 30 as if fully set forth herein.

32.    Defendant's actions infringe Plaintiff's rights in Plaintiff's Mark and its registration, and have caused, and are likely to cause, consumer confusion, mistake or deception as to the source, origin, sponsorship, or approval of Defendant's goods.

33.    Defendant's actions are likely to mislead prospective purchasers as to the affiliation, connection, or association of Defendant or its goods with Plaintiff or Plaintiff's goods.

34.    Defendant has knowingly advertised and offered the Infringing Goods in commerce with knowledge of the falsity and misleading effect of their use of Plaintiff's Mark.

35.    By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits in an amount not yet calculated.

5

36.     Unless enjoined by this Court, Defendant will continue to perform the unlawful acts complained of herein and to cause continuing damages and injuries, all to Plaintiff's immediate and irreparable harm.

37.     Plaintiff has no adequate remedy at law for Defendant's unlawful acts.

## COUNT II
### [Violation of Lanham Act, 15 U.S.C. § 1125(a) -- False Designation of Origin, False Description and False Representation]

38.     Plaintiff realleges and incorporates by reference the averments of Paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff is the exclusive owner of Plaintiff's Mark as set forth hereinabove.

40.     Defendant's unauthorized use of a mark confusingly similar to Plaintiff's Mark, and colorable imitations thereof, constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Defendant's goods originate with Plaintiff, are sponsored by or approved by Plaintiff, or that Defendant and its goods are affiliated with, connected to, or associated with Plaintiff.

41.     Defendant's unlawful conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

43.     Plaintiff has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

117393.00101/21745498v.1

## COUNT III
### [Violation of 54 Pa. Cons. Stat. Annot. § 1124 -- Injury to Business or Reputation; Dilution]

44.     Plaintiff realleges and incorporates by reference the averments of Paragraphs 1 through 43 as if fully set forth herein.

45.     Plaintiff's Mark is famous in the Commonwealth of Pennsylvania.

46.     Plaintiff's Mark was famous in the Commonwealth of Pennsylvania prior to Defendant's past, present and threatened use of the TORRE DEL SOL mark, which use injures and will injure the business reputation that Plaintiff enjoys in the Commonwealth, and impairs, diminishes, and trades on Plaintiff's Mark, which identifies Plaintiff's goods and services.

47.     Defendant's conduct injures and dilutes, or is intended to injure and dilute, Plaintiff's reputation and the distinctive quality of Plaintiff's Mark in violation of 54 Pa. Cons. Stat. Annot. § 1124.

48.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

49.     Plaintiff has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

## COUNT IV
### [Pennsylvania Common Law Unfair Competition]

50.     Plaintiff realleges and incorporates by reference the averments of Paragraphs 1 through 49 as if fully set forth herein.

51.     Defendant's above-described acts constitute unfair competition.

7

52.     Defendant's adoption and use of the mark TORRE DEL SOL in connection with cigars and related products is likely to cause confusion, mistake or deception among consumers as to the source, sponsorship, or affiliation of the Infringing Goods, in violation of the common law of the Commonwealth of Pennsylvania.

53.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

54.     Plaintiff has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

        **WHEREFORE**, Plaintiff prays this Court enter its order and judgment that:

        (i)     Judgment be entered in its favor and against Defendant as to each of the above counts;

        (ii)    Defendant has infringed Plaintiff's trademarks and other common law rights as set forth in this Verified Complaint;

        (iii)   The Court issue preliminary and permanent injunctions preventing Defendant, its officers, servants, employees, agents and all persons acting by, through or under each of them, from:

                (a)     using the TORRE DEL SOL mark or any other name or mark confusingly similar to Plaintiff's Mark, alone or in combination with other words, as a trademark, service mark or trade name, to identify, market, distribute, advertise, promote, to offer for sale or to provide the Infringing Goods or any related goods or services;

                (b)     otherwise infringing upon Plaintiff's Mark; and

                (c)     continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause

Defendant's goods to be mistaken for, confused with or passed off as Plaintiff's goods.

(iv)     Defendant pay damages incurred by Plaintiff as a result of false designation of origin, false description, false representation, unfair competition, injury to business reputation and dilution perpetrated by Defendant, including, in the case of Defendant's violation of 15 U.S.C. § 1125(a), treble damages or treble profits, whichever is greater, and attorney's fees;

(v)      Plaintiff be awarded such further damages as Plaintiff may have suffered as a result of Defendant's acts of infringement and unfair competition;

(vi)     Defendant be held to be a willful infringer and Plaintiff be awarded such further damages as Plaintiff may have suffered as a result of Defendant's willful infringement under Pennsylvania law;

(vii)    Defendant be required to account for all gains, profits, and advantages derived from Defendant's acts of infringement and unfair competition;

(viii)   Defendant pay Plaintiff prejudgment and post-judgment interest as allowed by law;

(ix)     Plaintiff be awarded punitive and exemplary damages against Defendant;

(x)      Defendant be required to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing the TORRE DEL SOL mark or any other name or mark confusingly similar to Plaintiff's Mark, or colorable imitation thereof, used in connection with the Infringing Goods;

(xi)     Defendant be required to remove the TORRE DEL SOL mark and any other name or mark confusingly similar to Plaintiff's Mark from its website(s), HTML

9

code, search engine query terms and any other electronic communications hosts, links and devices;

(xii)    Defendant be ordered to pay costs of this action, including attorney's fees incurred by Plaintiff in connection with Defendant's infringement and unfair competition; and

(xiii)    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims that may be tried by a jury.

Respectfully submitted,

Dated:  December 22, 2008

By: _____
Timothy D. Pecsenye (TDP4786)
David M. Perry (DMP5206)

BLANK ROME LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Telephone:  215-569-5619
Facsimile:  215-569-5619
Attorneys for Plaintiff

117393.00101/21745498v.1

## VERIFICATION

I, Keith Meier, hereby verify pursuant to 28 U.S.C. § 1746 under penalty of perjury that I am President of Cigars International, Inc., and that I have read the foregoing Verified Complaint and know the contents thereof and the same are true based upon my own knowledge, information and belief, except as to such matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

Executed on this 22 day of December, 2008.        By: _____

Keith Meier, President

117393.00101/21745498v.1

# Exhibit A

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**Reg. No. 3,171,410**

## United States Patent and Trademark Office

Registered Nov. 14, 2006

### TRADEMARK
#### PRINCIPAL REGISTER



CIGARS INTERNATIONAL, INC. (DELAWARE CORPORATION)
6771 CHRISPHALT DRIVE
BATH, PA 18014

FOR: CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 10-11-2004; IN COMMERCE 10-11-2004.

THE ENGLISH TRANSLATION OF THE SPANISH WORDING TIERRA DEL SOL IN THE MARK IS LAND OF THE SUN.

SER. NO. 78-782,527, FILED 12-29-2005.

ELIZABETH J. WINTER, EXAMINING ATTORNEY

# Exhibit B

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

# Trademark/Service Mark Application, Principal Register

# TEAS Plus Application

**Serial Number: 77545889**
**Filing Date: 08/13/2008**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | TORRE DEL SOL |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | TORRE DEL SOL |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | New Global Marketing, Inc. |
| *STREET | P.O. Box 652 |
| *CITY | Stone Ridge |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 12484 |
| **LEGAL ENTITY INFORMATION** | |

| *TYPE | CORPORATION |
|---|---|
| * STATE/COUNTRY OF INCORPORATION | New York |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 034 |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 07/03/2008 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/03/2008 |
| *IDENTIFICATION | Cigars |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 07/03/2008 |
| FIRST USE IN COMMERCE DATE | At least as early as 07/03/2008 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT3\IMAGEOUT3 \775\458\77545889\xml1\FT K0003.JPG |
| SPECIMEN DESCRIPTION | photograph of product packaging and product label affixed to product showing use of the mark thereon in connection with the applied for goods |

## ADDITIONAL STATEMENTS SECTION

| *TRANSLATION (if applicable) | The foreign wording in the mark translates into English as Tower of the Sun. |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| NAME | Gordon E. R. Troy, Esq. |
|---|---|
| ATTORNEY DOCKET NUMBER | 1699-010 |
| FIRM NAME | Gordon E. R. Troy, PC |
| STREET | P.O. Box 368 |
| CITY | Charlotte |

| STATE | Vermont |
|---|---|
| COUNTRY | United States |
| ZIP/POSTAL CODE | 05445 |
| PHONE | 802-425-9060 |
| FAX | 802-425-9061 |
| EMAIL ADDRESS | usptomail@webtm.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

### CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Gordon E. R. Troy, Esq. |
| FIRM NAME | Gordon E. R. Troy, PC |
| *STREET | P.O. Box 368 |
| *CITY | Charlotte |
| *STATE (Required for U.S. applicants) | Vermont |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 05445 |
| PHONE | 802-425-9060 |
| FAX | 802-425-9061 |
| *EMAIL ADDRESS | usptomail@webtm.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

### FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| *TOTAL FEE PAID | 275 |

### SIGNATURE INFORMATION

| | |
|---|---|
| * SIGNATURE | /Gordon E. R. Troy/ |
| * SIGNATORY'S NAME | Gordon E. R. Troy, Esq. |
| * SIGNATORY'S POSITION | Attorney of record |
| * DATE SIGNED | 08/13/2008 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77545889**
**Filing Date: 08/13/2008**

## To the Commissioner for Trademarks:

**MARK:** TORRE DEL SOL (Standard Characters, see mark)
The literal element of the mark consists of TORRE DEL SOL.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, New Global Marketing, Inc., a corporation of New York, having an address of P.O. Box 652, Stone Ridge, New York, United States, 12484, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
   International Class 034:  Cigars

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 034, the mark was first used at least as early as 07/03/2008, and first used in commerce at least as early as 07/03/2008, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) photograph of product packaging and product label affixed to product showing use of the mark thereon in connection with the applied for goods.
Specimen File1

The foreign wording in the mark translates into English as Tower of the Sun.

The applicant hereby appoints Gordon E. R. Troy, Esq. of Gordon E. R. Troy, PC, P.O. Box 368, Charlotte, Vermont, United States, 05445 to submit this application on behalf of the applicant. The attorney docket/reference number is 1699-010.

Correspondence Information: Gordon E. R. Troy, Esq.

                                       P.O. Box 368

                                       Charlotte, Vermont 05445

                                       802-425-9060(phone)

                                       802-425-9061(fax)

                                       usptomail@webtm.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Gordon E. R. Troy/   Date Signed: 08/13/2008
Signatory's Name: Gordon E. R. Troy, Esq.
Signatory's Position: Attorney of record

RAM Sale Number: 7870
RAM Accounting Date: 08/13/2008

Serial Number: 77545889
Internet Transmission Date: Wed Aug 13 13:04:21 EDT 2008
TEAS Stamp: USPTO/FTK-65.19.75.200-20080813130421689
804-77545889-40080694ed7d9478b99944f7529
e44c131-ET-7870-20080813125131241738

# TORRE DEL SOL



# Exhibit C









## Our Top Cigar Brands

Acid Cigars
Arturo Fuente Cigars
Ashton Cigars
Avo Cigars
Baccarat Cigars
Camacho Cigars
C.A.O. Cigars
Carlos Torano Cigars
Cohiba Cigars

Davidoff Cigars
Diamond Crown Cigars
Fonseca Cigars
Griffins Cigars
Gurkha Cigars
Helix Cigars
La Gloria Cubana Cigars
Macanudo Cigars
Montecristo Cigars

Opus X Cigars
Padron Cigars
Partagas Cigars
Punch Cigars
Revolucion Cigars
Romeo Y Julieta Cigars
Trinidad Cigars

## BestCigarPrices... The best things in life at better prices.

744 Ulster Ave     Kingston, NY 12401     888-41-CIGAR (888-412-4427)     845.658.7618 fax
info@bestcigarprices.com

Copyright © 2008, New Global Marketing

Cigars | Cigar Directory | Cigar Resources | Site Directory | Cigar Brand Info

# Exhibit D

```
                    ********************
                ***    TX REPORT    ***
                    ********************

      TRANSMISSION OK

      TX/RX NO              3185
      CONNECTION TEL        17393*00101#18456587618#
      CONNECTION ID
      ST. TIME             11/07 17:17
      USAGE T              01'21
      PGS. SENT                5
      RESULT               OK
```



## BLANK ❑ ROME LLP
### COUNSELORS AT LAW

# FAX TRANSMITTAL FORM

Date:  November 7, 2008

|     | TO: | FIRM: | FAX NO.: | CONFIRMATION NO.: |
|-----|-----|-------|----------|-------------------|
| To: | Ronald Blatt, CEO | New Global Marketing, Inc. | 845-658-7618 | |

| From: | David M. Perry |
|-------|----------------|
| Phone: | (215) 569-5767 |
| Fax: | (215) 832-5767 |
| Email: | Perry@BlankRome.com |
| Atty No.: | 01961 |

**# of Pages:** (include cover)  5

**Client/Matter #:**  117393-00101

| ORIGINAL: | | WHEN COMPLETED: | |
|-----------|---|-----------------|---|
| Will Follow: | x | Call For Pickup: | |
| Will Not Follow: | | Send Interoffice: | |

**COVER MESSAGE:**

**CONFIDENTIALITY NOTE:**
The documents accompanying this fax transmission contain information, which may be confidential and/or legally privileged, from the law firm of Blank Rome LLP.  The information is intended only for the use of the individual or entity named on this transmission sheet.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and that the documents should be returned to this firm immediately.  If you have received this in error, please notify us by telephone immediately at the number listed above, collect, so that we may arrange for the return of the original documents to us at no cost to you.  The unauthorized disclosure, use, or publication of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.



# FAX TRANSMITTAL FORM

Date:   November 7, 2008

|     | TO: | FIRM: | FAX NO.: | CONFIRMATION NO.: |
|-----|-----|-------|----------|-------------------|
| To: | Ronald Blatt, CEO | New Global Marketing, Inc. | 845-658-7618 | |

| **From:** | David M. Perry |
|-----------|----------------|
| **Phone:** | (215) 569-5767 |
| **Fax:** | (215) 832-5767 |
| **Email:** | Perry@BlankRome.com |
| **Atty No.:** | 01961 |

| **# of Pages:** (include cover) | 5 |
|---|---|

| **Client/Matter #:** | 117393-00101 |
|---|---|

| ORIGINAL: | | WHEN COMPLETED: | |
|-----------|---|-----------------|---|
| Will Follow: | x | Call For Pickup: | |
| Will Not Follow: | | Send Interoffice: | |

**COVER MESSAGE:**

**CONFIDENTIALITY NOTE:**
The documents accompanying this fax transmission contain information, which may be confidential and/or legally privileged, from the law firm of Blank Rome LLP.  The information is intended only for the use of the individual or entity named on this transmission sheet.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and that the documents should be returned to this firm immediately.  If you have received this in error, please notify us by telephone immediately at the number listed above, collect, so that we may arrange for the return of the original documents to us at no cost to you.  The unauthorized disclosure, use, or publication of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.

| TRANSMITTED BY: | DATE SENT: | TIME SENT: | TIME CALLED: |
|-----------------|------------|------------|--------------|
| BUSY: | NO ANSWER: | WRONG NUMBER: | NO CONNECTION: |

One Logan Square  18th & Cherry Streets, Philadelphia, PA  19103
215.569.5500  Fax: 215.569.5555

www.BlankRome.com



BLANK ROME LLP
COUNSELORS AT LAW

Phone:   215-569-5767
Fax:     215-832-5767
Email:   perry@blankrome.com

November 7, 2008

**VIA REGULAR MAIL AND**
**VIA FACSIMILE (845) 658-7618**

Ronald Blatt, CEO
New Global Marketing, Inc.
446 Main St.
Rosendale, New York 12472

  Re: New Global Marking, Inc.'s Infringement of
    Cigars International, Inc.'s Registered
    Trademark TIERRA DEL SOL and Design

Dear Mr. Blatt:

  This firm represents Cigars International, Inc. ("CI") and has
been consulted by CI in connection with New Global Marketing Inc.'s
("New Global") use of the trademark TORRE DEL SOL, U.S. Serial No.
77/545,889.

  As you are no doubt aware, CI is the exclusive owner of the
trademark TIERRA DEL SOL® for use in connection with cigars.  Further,
CI is the exclusive owner of a federal trademark registration for the
TIERRA DEL SOL® mark, U.S. Registration No. 3,171,410, and has
maintained priority rights in the TIERRA DEL SOL® mark in connection
with the aforementioned goods since at least as early as October 11,
2004 (see Exhibit A).  As a result of CI's extensive and continuous
use of the TIERRA DEL SOL® mark, the mark has acquired significant
goodwill in the marketplace.

  It has come to our attention that New Global is currently using
the mark TORRE DEL SOL for use in connection with cigars, and has
applied for a federal registration of the mark, which application has
not yet been examined by the U.S. Patent and Trademark Office ("PTO").
Please be advised that, where the TORRE DEL SOL mark is confusingly
similar to CI's TIERRA DEL SOL® mark, and where the goods sold in
connection with each mark are identical, such adoption and use by New
Global of a TORRE DEL SOL mark is likely to cause consumer confusion
as to the source or sponsorship of New Global's goods, thus
encroaching upon CI's rights under federal law.  Consequently, New
Global's use of its TIERRA DEL SOL® mark subjects it to significant
liability for infringement and unfair competition under the Lanham
(Federal) Trademark Act, among other violations.

One Logan Square  130 North 18th Street  Philadelphia, PA 19103-6998
www.BlankRome.com

117393.00101/11839025v.1
Delaware • Florida • New Jersey • New York • Ohio • Pennsylvania • Washington, DC • Hong Kong



BLANK ROME LLP
COUNSELORS AT LAW

Mr. Ronald Blatt
November 7, 2008
Page 2

CI will not tolerate any attempts to trade off of its goodwill, or any unauthorized or implied associations between the TIERRA DEL SOL® mark and the goods or services of others.  Accordingly, New Global's infringement of the TIERRA DEL SOL® mark must cease.  We are counseling CI on the range of legal remedies available to safeguard its very valuable trademark from infringement, wrongful appropriation and unfair competition, including but not limited to, the filing of a notice to oppose the pending application of TORRE DEL SOL at the Trademark Trial and Appeal Board, should the PTO allow the mark to publish.  CI regards New Global's use of its TORRE DEL SOL mark as a very serious matter, particularly given the sale of identical goods by both companies, and it will continue to take appropriate steps to protect its rights.  On behalf of CI, we hereby make formal demand upon New Global to:

1. Cease and desist immediately from any further use or plans to use or register the TORRE DEL SOL mark, as well as any use or registration of any other mark, name, domain name or source identifier which is confusingly similar to CI's TIERRA DEL SOL mark; and provide written confirmation of the express abandonment at the PTO of U.S. Serial No. 77/545,889;

2. Provide written assurances by no later than November 17, 2008, that it will refrain from all such current and future use and registration; and

3. Contact us to discuss the recall and recapture of all printed, online and broadcasted promotional materials used or distributed by New Global which bear the TORRE DEL SOL mark, and to discuss corrective advertising.

We look forward to a prompt response from New Global by November 17, 2008, concerning this matter.

Sincerely yours,

DAVID M. PERRY

Enclosure

cc:  Timothy D. Pecsenye, Esquire